IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN HARRIS,

                              Petitioner,

           v.                                    CASE NO. 06-3326-SAC

RAY ROBERTS,

                         Respondent.


                          O R D E R

     Petitioner proceeds pro se on a petition for writ of habeas
corpus under 28 U.S.C. § 2254.  By an order dated December 20, 2006,
the court directed petitioner to show cause why the petition should
not be dismissed without prejudice.  Having reviewed petitioner's
response, the court finds the petition should be dismissed.

     Petitioner insists that he is being denied his right to appeal
the resolution of state criminal charges filed against him Reno
District County Case No. 04-CR-1034.  Petitioner states the 2004
case was dismissed without prejudice, and that he filed a notice of
appeal in December 2005 which was never docketed in the Kansas
appellate courts.  Petitioner further states the same criminal
charges were re-filed for prosecution that is pending in Reno County
District Court Case No. 05-CR-982.  Petitioner contends prosecution
on the re-filed charges violates his constitutional and state
statutory right to a direct appeal from the dismissal without
prejudice of the 2004 case, and objects to the court's liberal
characterization of petitioner's actions as including a request to
block further prosecution on the re-filed charges in the 2005 case.

However, § 2254 authorizes this court to "entertain an application for a writ of habeas corpus *in behalf of a person in custody pursuant to the judgment of a State court*, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Thus to the extent petitioner seeks habeas relief for the alleged deprivation of his constitutional right to a direct appeal in his 2004 criminal prosecution, no cause of action arises under 28 U.S.C. § 2254 because petitioner is not a person "in custody" pursuant to the state court's dismissal of that criminal case without prejudice. Rather, to the extent petitioner contends his confinement and prosecution on the re-filed charges violates his rights, pretrial habeas relief must be pursued under 28 U.S.C. § 2241 after first exhausting state court remedies. *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

Although petitioner argues his notice of appeal in the 2004 case remains "in limbo" and bars prosecution on the criminal charges, the court finds no support in the record for this argument. The appeal cited by petitioner appears to have been abandoned under Kansas law. *See* Kansas Supreme Court Rule 5.051 (failure to docket appeal in compliance with Rule 2.04 is to be presumed an abandonment

of the appeal). Notwithstanding petitioner's allegations of attorney error and collusion by all respondents to deny petitioner an appeal from the denial of criminal charges without prejudice,[1] no such appeal is in fact pending.

Petitioner again points to Kansas cases which provide no support for granting relief on petitioner's habeas application. The cited cases[2] clearly point to the state appellate court's consideration of relief sought in a defendant's re-filed case rather than in an appeal filed from the previous dismissal of criminal charges. Pursuit of similar state court relief remains available to petitioner, and federal habeas relief is not available until petitioner has done so. Any attempt by petitioner to collaterally preclude prosecution on the re-filed charges in 05-CR-982, by seeking habeas relief for alleged violations of his rights in 04-CR-1034, is rejected.

The court thus concludes the petition petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254 for the alleged violation of petitioner's constitutional rights in Reno County District Court Case No. 04-CR-1034, and that any request for pretrial habeas corpus relief under 28 U.S.C. § 2241 in Reno County

---

[1]Petitioner contends two Reno County district court judges, two Reno County prosecutors, and two defense attorneys have conspired to violate petitioner's right to a direct appeal for the sole purpose of retaining the court's jurisdiction over Reno District Court Case 05-CR-982.

[2]State v. Clemence, __ Kan.App.2d __, 2006 WL 3228705 (November 9, 2006)(*pet. for review filed December 9, 2006*); State v. Clovis, 254 Kan. 168 (1993); State v. Cuezze, 225 Kan. 274, *as modified by*, 225 Kan. 468 (1979).

Case No. 05-CR-982 should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of January 2007 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge